# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **JASON HOLLOWAY** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-138-CEJ |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jason Holloway to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On January 6, 2003, Holloway pled guilty to count one of a two-count indictment for possession with the intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). *United States v. Holloway*, 4:02-cr-483-CEJ (E.D.Mo.). On that same date, Holloway and the United States stipulated to the facts underlying the offense. On April 4, 2003, the Court entered judgment against Holloway, sentencing him to a term of 120 months' imprisonment and 5 years' supervised release. *Id*. Holloway's subsequent appeal of the judgment was dismissed. *See United States v. Holloway*, No. 03-1995 (8th Cir. August 19, 2003). Holloway did not seek a writ of certiorari to the Supreme Court of the United States.

Holloway's previous motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was denied on July 30, 2004. *Holloway v. United States*, 4:03-cv-1828-CEJ (E.D.Mo.). The Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. *Holloway v. United States*, No. 04-3636 (8th Cir. March 22, 2005). Holloway's petition for rehearing en banc or by the panel was denied June 6, 2005. *Id.* Holloway did not seek a writ of certiorari to the Supreme

Court of the United States.

**The motion**

Holloway seeks to vacate, set aside or correct his conviction and sentence on the grounds that (1) his guilty plea was not knowing and voluntary; (2) he received ineffective assistance of counsel; (3) his criminal history points were based on a plea which had been vacated, such that he should have been eligible for the safety valve provision; and (4) the Court should not have accepted his guilty plea in violation of his constitutional rights and Rule 11 of the Federal Rules of Criminal Procedure.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

### A. Second or successive petition.

As noted above, Holloway previously sought relief pursuant to 28 U.S.C. § 2255. Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because there is no indication that the Eighth Circuit Court of Appeals has certified the instant motion as required by § 2255, this Court lacks jurisdiction to entertain this action under § 2255.

At least three circuit courts, however, have held that when a petitioner files a second or successive habeas petition in the district court, without first seeking permission from the court of appeals, the case should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). Under

§ 1631, a "court shall, if it is in the interest of justice, transfer such action ...to any other court in which the action . . . could have been brought at the time it was filed." *Liriano*, 95 F.3d at 122 (quoting 28 U.S.C. § 1631). Once the case is transferred, the court of appeals would then consider whether the second or successive petition meets the statutory requirements for consideration by the district court. *Id.* at 122-23.

Accordingly, this Court would not summarily dismiss the instant motion because it is a second or successive petition but would transfer it to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. However, the Court must also consider whether this motion is barred under the one-year statute of limitations that applies to motions made pursuant to 28 U.S.C. § 2255.

**B.     Statute of limitations.**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. As noted above, the Court entered judgment against

Holloway on April 4, 2003, and his appeal was dismissed on August 19, 2003. Holloway did not petition for a writ of certiorari from the Supreme Court. Allowing ninety days after the appellate court's dismissal of Holloway's appeal, his conviction became final on November 17, 2003. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003) ("...[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Accordingly, Holloway had until November 17, 2004, in which to file his § 2255 motion. The instant motion, however, was not filed until January 30, 2006. It is, therefore, time-barred.

Furthermore, even if the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), Holloway has not asserted any facts indicating that equitable tolling applies in this case. *See United States v. Hernandez,* ---F.3d---, 2006 WL 240507, *5 (8th Cir. 2006) (noting that equitable tolling is appropriate when "extraordinary circumstances" beyond a prisoner's control makes it impossible to file the habeas action on time or when government conduct "lulled" the movant into inaction through reliance on such conduct).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] be **DISMISSED**, without prejudice, as time-barred.

An appropriate order shall accompany this memorandum and order.

Dated this 21st day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE**