UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON HOLLOWAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:06-CV-138-CEJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is the objection of petitioner Jason Holloway to the order dismissing his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1] The Court will construe the objection as a motion for reconsideration.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended,* 835 F.2d 710 (7th Cir.1987). Motions to reconsider cannot be employed to tender new legal theories that could have been raised in the original motion. *Rothwell Cotton*, 827 F.2d at 251 (citation omitted).

A court may re-characterize a pro se litigant's action "to avoid an unnecessary dismissal" or "to create a better correspondence" between the substance of the action and its underlying legal

---

[1]On February 21, 2006, the Court dismissed Holloway's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, because the motion was time-barred. Contrary to Holloway's assertion, the motion to vacate was not dismissed as a second or successive motion.

basis. *See Castro v. United States*, 540 U.S. 375, 381-82, 124 S.Ct. 786, 791-92 (2003) (citations omitted). The underlying legal basis of Holloway's earlier motion corresponded best with a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Holloway argues that "immediate release" is not an available remedy under § 2255. However, "immediate release" is available under § 2255 if the Court finds, *inter alia,* that ". . . the judgment was rendered without jurisdiction, or that the sentence involved was not authorized by law or otherwise open to collateral attack, . . ." 28 U.S.C. § 2255. Upon such finding, § 2255 provides that the Court ". . . *shall discharge the prisoner* or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* (emphasis added).

Holloway next argues that he has an "Absolute Right to Writ of Habeas Corpus" without specifying under what statute such "absolute right" exists. Because Holloway is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241. The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by § 2255 motion is inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because the one-year statute of limitations has expired or because a court has denied a previously-filed § 2255 motion. *Id.* at 1077-78 (citations omitted). Accordingly, there is no avenue of relief available to Holloway under § 2241.

For the foregoing reasons, the Court finds no "manifest errors of law or fact" in the order dismissing Holloway's motion to vacate.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Jason Holloway to reconsider [Doc. 4] is **DENIED**.

Dated this 23rd day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE**